**Dian Mou JIANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–0015–AG.**

United States Court of Appeals,
Second Circuit.

May 25, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Dian Mou Jiang, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Alan Vomacka's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that an applicant is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review the IJ's decision "including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Substantial evidence supports the adverse credibility finding in this case. Jiang testified that his wife had her IUD check-up on "January 11 or 12" 2002, and had the IUD removed a week later, after he and his wife decided to have the second child they had been planning to have for years. However, the visa stamps in his passport indicated that he had been in the Dominican Republic from September 2001 to January 25, 2002. Although Jiang was able to confirm few details about his trip,

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

he continued to insist that he made it, despite having numerous opportunities to explain otherwise. The IJ was reasonable in finding this sequence of events implausible and inconsistent—particularly when Jiang's demeanor changed completely when the passport was introduced into evidence. He was forthcoming in providing dates and details during direct examination, but became confused, contradictory, and evasive when asked to explain the discrepancies raised by the passport. A reasonable fact-finder would not be compelled to credit his testimony. *See Zhou Yun Zhang,* 386 F.3d at 73.

Likewise, substantial evidence supports the IJ's conclusion that Jiang's application was frivolous. The passport raised the possibility that his story, or a material element, was deliberately fabricated, and he failed to present an adequate explanation for the inconsistencies and implausibilities, despite having ample opportunity to do so. *See* 8 C.F.R. § 1208.20.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).